UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAJUAN MCFARLAND,

                    Petitioner,                        Case Number: 2:13-CV-14564
                                                          HON. ARTHUR J. TARNOW

v.

STEVEN RIVARD,

                    Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING IN PART A CERTIFICATE OF APPEALABILITY

Petitioner JaJuan McFarland has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner, who is presently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, challenges his convictions for two counts of armed robbery, felon in possession of a firearm, and felony firearm.  He challenges his convictions on the grounds that he was denied his rights under the Confrontation Clause, the trial court erred in allowing the admission of other act evidence, and the cumulative effect of errors undermined confidence in the reliability of the verdict.  Respondent, through the Attorney General's Office, has filed an answer in opposition to the petition arguing that these claims are meritless.  The Court denies the petition and grants a certificate of appealability for Petitioner's Confrontation Clause claim.

## I.      Background

Petitioner's convictions arise from the robbery of Valencia Morris and Roderick

Billups in the City of Detroit on November 1, 2010.  The Michigan Court of Appeals

provided this summary of the testimony presented at trial:

> Defendant's convictions arise from the robbery of two individuals who
> were walking down the street one morning. The victims, a woman and her
> fiancé, were walking when they were approached by two men, both
> carrying guns.  Defendant was identified as one of the men.  The men
> robbed them of a cellular telephone, a wallet, and cigarettes.  With the
> assistance of a passing motorist, the two victims were able to call 911 and
> report the robbery.  A short time later, the victims reported observing
> defendant and his accomplice robbing two other individuals across the
> street.  Police arrived on the scene, and the two men fled.  Defendant
> stopped in front of a building, where he was apprehended.  A man, Richard
> Richardson, approached and advised police that he was just robbed by
> defendant.  Another witness, Diane Dickerson, advised police that
> defendant threw a gun on top of the building.  With the assistance of the fire
> department, police recovered a gun from the roof of the building.  Although
> defendant was charged with the purported robbery that occurred across the
> street, the charges were dismissed when those witnesses could not be
> located.

*People v. McFarland,* No. 304647, 2013 WL 514729 at *1 (Mich. Ct. App. Feb. 12,

2013).

Following a jury trial in Wayne County Circuit Court, Petitioner was sentenced as

a fourth habitual offender to concurrent terms of 16 to 35 years' imprisonment for each of

the armed robbery convictions, and 1 to 5 years' imprisonment for the felon-in-possession

conviction, to be served consecutively to 2 years' imprisonment for the felony-firearm

conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising these claims:

    I.       The trial court violated McFarland's right to confrontation by permitting the introduction of out of court testimony that McFarland was in possession of a firearm just prior to his arrest.

    II.      The trial court abused its discretion when it allowed the prosecution to introduce inadmissible other acts evidence.

    III.    The cumulative effect of errors undermine confidence in the reliability of the verdict.

The Michigan Court of Appeals affirmed Petitioner's convictions. *Id.* Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. McFarland*, 495 Mich. 866 (Mich. 2014).

Petitioner then filed this habeas petition. He raises the same claims raised in state court.

## II. Standard

This habeas petition is reviewed under the exacting standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). Under AEDPA, a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state-court proceeding unless the state adjudication of the claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination
of the facts in light of the evidence presented in the State court proceeding.
28 U.S.C. § 2254(d)(1), (2).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the

Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*,

529 U.S. 362, 405-06 (2000).  "[T]he 'unreasonable application' prong of the statute

permits a federal habeas court to 'grant the writ if the state court identifies the correct

governing legal principle from [the Supreme] Court but unreasonably applies that

principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)

quoting *Williams*, 529 U.S. at 413.  "A state court's determination that a claim lacks merit

precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S.86, 101 (2011),

quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).  "Section 2254(d) reflects the

view that habeas corpus is a guard against extreme malfunctions in the state criminal

justice systems, not a substitute for ordinary error correction through appeal. . . . As a

condition for obtaining habeas corpus from a federal court, a state prisoner must show

that the state court's ruling on the claim being presented in federal court was so lacking in

justification that there was an error well understood and comprehended in existing law

beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

To obtain relief under § 2254(d)(2), a petitioner must show an unreasonable determination of fact *and* that the resulting state court decision was "based on" that unreasonable determination. *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2012).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## III.  Discussion

### A.  Confrontation Clause Claim

Petitioner's first claim for habeas relief concerns an alleged violation of the Confrontation Clause. City of Detroit police officer Edward Sumler, who responded to the robbery of Morris and Billups, testified that he saw Petitioner near the area of the robbery and noted that Petitioner matched the description of the robber given to him by Morris and Billups. Petitioner attempted to flee but was caught and handcuffed by Officer Sumler and his partner. A second suspect fled. After Officer Sumler handcuffed Petitioner, Officer heard someone yelling, "He just robbed me." 5/4/11 Tr., at 12, ECF No. 8-8, Pg. ID 357. About a minute later, a woman, Diane Dickerson, approached Officer Sumler and said, "I just saw him throw a gun on top of the building." *Id.* at 16, ECF No. 8-8, Pg. ID 361. A loaded handgun was retrieved from the roof of the building

indicated by Dickerson.  Petitioner argues that the admission of Dickerson's statement regarding the handgun violated his right of Confrontation.

In *Crawford v. Washington*, 541 U.S. 36, 68 (2004), the Supreme Court held that out-of-court statements that are testimonial in nature are barred by the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity for cross-examination regardless of whether the trial court finds the statements to be reliable. Statements are testimonial in nature when the primary purpose is "to establish or prove past events potentially relevant to later criminal prosecution."  *Davis v. Washington*, 547 U.S. 813, 822 (2006).  "Statements taken by police officers in the course of interrogations are ... testimonial."  *Crawford*, 541 U.S. at 52.  Statements are non-testimonial when they are "made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency."  *Id.* at 822.  In *Michigan v. Bryant*, 562 U.S. 344, 358 (2011), The Supreme Court held that, when "the 'primary purpose' of an interrogation is to respond to an 'ongoing emergency,' its purpose is not to create a record for trial and thus is not within the scope of the Clause."

The Michigan Court of Appeals found no Confrontation Clause violation because Dickerson's statement was not testimonial. *McFarland*, 2013 WL 514729 at *2.  The state court, applying the Supreme Court's analysis in *Bryant*, reasoned that the statement was not "taken in anticipation of a criminal proceeding and as a substitute for trial testimony, but rather, occurred in the context of an ongoing emergency when police were

attempting to secure the perpetrators of a crime and the weapon used in the commission

of the crime, ... and offered to show why the police acted as they did." *Id.*

The state court's denial of Petitioner's Confrontation Clause Claim is a reasonable

application of Supreme Court precedent.  Dickerson's statement to police was unsolicited.

It was made to apprise the police where a firearm was located at a time when one suspect

remained at large.  The state court reasonably concluded that the statement was made with

a primary purpose of bringing to an end an ongoing threat.  *See Williams v. Illinois*, —

U.S. —, 132 S. Ct. 2221, 2243 (2012).  Because Dickerson did not make her statement in

the context of gathering evidence for trial, the Confrontation Clause was not implicated.

Habeas relief is denied.

## B.  Admission of Other Act Evidence

In his second claim for habeas corpus relief, Petitioner argues that the trial court

erred in admitting evidence of an alleged second robbery of two individuals shortly after

the robbery of Morris and Billups.  That case was dismissed with prejudice at the

preliminary examination because the police were unable to locate the purported victim.

The trial court allowed Morris to testify than an unknown individual stated, "They just

robbed me."  3/3/11 Tr., at 154, ECF No. 8-7, Pg. ID 297.  And, allowed Morris to testify

that her perception was that the individuals had been robbed.  Petitioner claims admission

of this evidence violated his due process rights because its admission was contrary to

Michigan Rule of Evidence 404(b).

"[S]tate-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) *quoting Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).  The Supreme Court has declined to hold that the admission of "other acts" evidence is so extremely unfair that it violates fundamental conceptions of justice. *Dowling v. United States*, 493 U.S. 342, 352-53 (1990). The Court has discussed when other acts testimony is permissible under the Federal Rules of Evidence, *see Huddleston v. United States*, 485 U.S. 681 (1988), but has not addressed the issue in constitutional terms.  Such matters are more appropriately addressed in codes of evidence and procedure than under the Due Process Clause. *Dowling*, 493 U.S. at 352.  "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).  Consequently, there is no "clearly established federal law" to which the state court's decision could be "contrary" within the meaning of section 2254(d)(1). Id. at 513. Therefore, the Court denies habeas relief on this claim.

### C.  Cumulative Effect of Alleged Errors

Finally, Petitioner alleges that he is entitled to habeas relief because the cumulative effect of trial errors deprived him of a fair trial and due process of law.  On habeas review, a claim that the cumulative effect of errors rendered a petitioner's trial fundamentally unfair is not cognizable.  *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir.

8

2011) citing *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir.2005)), *cert. denied sub nom*

*Sheppard v. Robinson*, — U.S. —, 132 S.Ct. 2751 (2012).  Therefore, Petitioner is not

entitled to relief on this claim.

### IV.  Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of

appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R.App. P. 22(b).  A

certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2).  When a court

rejects a habeas claim on the merits, the substantial showing threshold is met if the

petitioner demonstrates that reasonable jurists would find the district court's assessment

of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473,

484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying that standard, a district court

may not conduct a full merits review, but must limit its examination to a threshold inquiry

into the underlying merit of Petitioner's claims.  *Id.* at 336-37.  "The district court must

issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court concludes that reasonable jurists could debate its resolution of

Petitioner's Confrontation Clause claim.  The Court concludes that reasonable jurists

would not debate its denial of Petitioner's remaining claims.  Thus, the Court grants in

part and denies in part a COA.  The Court grants Petitioner permission to proceed on

appeal *in forma pauperis*.  *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).

## V.  Conclusion

For the reasons stated above, Petitioner's petition for a writ of habeas corpus is

DENIED.  Furthermore, the Court GRANTS a certificate of appealability on Petitioner's

sufficiency of the evidence claim and DENIES a certificate of appealability with respect

to the remaining claims.  The Court finds Petitioner may proceed on appeal *in forma*

*pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: October 29, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of
record on October 29, 2015, by electronic and/or ordinary mail.


S/Catherine A. Pickles
Judicial Assistant